(March 3, 1890.)

## HARVEY v. BUNKER HILL AND SULLIVAN MINING AND CONCENTRATING COMPANY.

[24 Pac. 30.]

PRO FORMA JUDGMENT—APPEAL FROM.—A complaint is filed in the justice's court alleging defendant is indebted to plaintiff in the sum of $150. Defendant files an answer denying the indebtedness. Justice has jurisdiction only in sums of $100. Defendant consents that judgment may be entered against him as prayed for simply to expedite an appeal. District court dismisses the appeal. Held, that the judgment must be reversed, and tried in the district court.

APPEAL from District Court, Shoshone County.

William H. Clagett, for Appellant.

The judgment rendered in the justice's court is not a judgment by default, an answer being in, and issue of fact pending. Neither was it a judgment by confession, which must be in writing, admitting some sum to be due, and concisely stating the facts out of which the debt confessed arose. (Rev. Stats., secs. 4725, 4777, 5061.) Neither is it a judgment by consent on the theory that by consenting thereto the party waives all objection to the judgment, and will not be allowed to question the same on appeal. The consent was not real, but *pro forma* only, and the party does not waive or lose any of his rights thereby. (*Mecham v. McKay,* 37 Cal. 158, 159; Hayne on New Trial and Appeal, sec. 282.) To make a good complaint in a justice's court, the facts constituting the plaintiff's cause of action must be concisely stated. (Rev. Stats., sec. 4668.)

Charles W. O'Neil, for Respondent.

No appeal lies from a judgment by consent. (*Campbell v. Randolph,* 13 Ill. 314; *Oullahan v. Morrisey,* 73 Cal. 297, 14 Pac. 864; *Brick v. Brick,* 65 Mich. 230, 31 N. W. 907, and 33 N. W. 761.) An appeal from a judgment by default can only be upon questions of law. (Hayne on New Trial and Appeal, sec. 343.) There can be no trial *de novo* where there was no

trial originally. (*Southern Pac. R. Co. v. Superior Court*, 59 Cal. 475.)

SWEET, J.—On March 25, 1889, plaintiff. filed his complaint before J. S. Languishe, a justice of the peace in and for Wardner precinct, Shoshone county, Idaho territory, in which he alleged that the defendant was indebted to him in the sum of $150 for professional services rendered at defendant's instance and request. On that day a summons was issued, and was returned on the 29th of the same month. On the 29th, also, defendant appeared and filed its answer, denying each and every allegation contained in plaintiff's complaint. At the same time, defendant consented to what is termed in this written consent, the entering of a *pro forma* judgment, and judgment was thereupon entered for plaintiff. The paper under which the judgment was entered is as follows:

"This case having been called for trial, the defendant consents that judgment may be entered *pro forma* in favor of plaintiff and against defendant, as prayed for in the complaint herein, reserving all of its rights under an appeal from said judgment.

"WILLIAM H. CLAGETT,

"Attorney for Defendant."

Immediately after the rendition of judgment, to wit, on the said twenty-ninth day of March, 1889, defendant filed its notice of appeal, together with the undertaking thereon, and the said appeal was perfected by defendant's causing a transcript of the docket of said justice to be verified and forwarded to the clerk of the district court. The cause came on for trial in the district court, whereupon plaintiff moved that the appeal be dismissed. The motion was granted by the district court on the ground that, inasmuch as there had been no trial in the lower court, upon questions of fact, and that, as no statement had been made, there was nothing to try. The court, in dismissing the case, used the following language: "As before stated, the case cannot be tried in this court for the first time. There must have been an actual trial before the justice before that can be done here. Manifestly, this case can only be affirmed or reversed by

this court, or the appeal dismissed. The appeal must be dismissed, for the reason that there are no issues presented to this court which can be tried."

We do not understand why the issues were not clearly presented in the district court. The complaint was there, alleging the debt. The answer was there, denying it. The issues were as fully presented in the district court as they could be presented after a trial had in the justice's court. No trial in the justice's court would have presented the issues any differently from the manner in which they were presented at that time. We take it that this objection is not a valid one.

The next inquiry suggested is far more serious in its character. It is this: May the defendant consent to a judgment in the justice's court, and then appeal from the judgment to which he has consented? If the amount were $100, or less, the defendant would unquestionably be bound by the judgment to which he consented, unless a new hearing were granted in the justice's court for cause shown; and we doubt if his declaration that he consented only to a *pro forma* judgment would save him. We do not think the appeal could be saved by declining to enter into a trial before the justice involving an amount confined to the original jurisdiction of the lower court. Counsel for defendant treats his written consent to the entry of said judgment as a stipulation, and cites *Mecham v. McKay,* 37 Cal. 159, as an authority in support of his position. After stating that the court has repeatedly refused to review judgments and orders entered by consent, the court discuss the question further, and say: "We are not inclined to retract or modify this proposition. but it is to be limited to cases wherein it does not appear from the record that the consent was given only *pro forma* to facilitate the appeal, and with the understanding on both sides that the party did not thereby intend to abandon his right to be heard on the appeal in opposition to the judgment. . . . . If it appears from the record that it was intended by the parties to be only a *pro forma* judgment or order entered, by consent, for the mere purpose of hastening an appeal, and with no intention to waive an exception thereto, it would be a somewhat rigid rule to give the stipulation a conclusive effect not contemplated by the parties. . . . . The stipulation in this case, on which the order

denying a new trial is entered, is not free from doubt; but, taking it altogether, and construing it as a whole, in connection with the other facts disclosed in the record, we conclude it was intended by the parties that the motion for a new trial should be denied *pro forma* only to hasten the appeal." But the plaintiff contends that this paper is in no sense a stipulation. Taken alone, it could not be considered as such. But the amount involved was and is within the original jurisdiction of the district court. Both parties were before the justice. An answer had been filed denying the indebtedness, and, on the same day, the notice of appeal was given, the undertaking filed, and the transcript promptly forwarded to the district court. Counsel for defendant contends that after said answer was filed it was agreed between counsel for plaintiff and defendant that this judgment should be entered, and that defendant should forthwith appeal the case. Counsel for defendant further insists that this agreement was reached between the parties by reason of the fact that it was then and there understood that neither party would accept the judgment of the justice's court as final, and that, no matter which way it might be decided, the appeal would follow; and that, therefore, they would save costs and trouble by simply consenting to the *pro forma* judgment (whatever that may mean), and the appeal should go forward. The counsel who represented plaintiff and respondent in this court did not appear in the justice's court, nor in the court below; hence makes no denial of all these assertions made by counsel for defendant, except that the paper in itself is not a stipulation, and that, therefore, the rule just quoted from *Mecham v. McKay,* does not apply.

Taking all the facts together, we are inclined to believe that the agreement was fairly made. The defendant was there, ready to try its case. So was the plaintiff. They agreed that the judgment rendered by the justice, no matter which way it went, would be forthwith appealed from by the losing side. There can be no question but that defendant would have tried the case then and there had not such an understanding been arrived at. As shown by the record, also, no evidence was taken by the justice; and he gave judgment for the plaintiff without requiring

a syllable of evidence, and in the face of a denial averring that defendant was not indebted to plaintiff in any sum whatever. This simply tends to show that the justice also understood the real stipulation between the parties, and that immediately upon its consummation the judgment was entered in accordance therewith. It would, of course, be an absurdity to say that the defendant intended to consent to a *bona fide* judgment, in the face of the peculiar written consent given, and in the face of the answer, filed at the same time, denying that the plaintiff was entitled to the judgment. We do not understand that the court below entertained any such view of the case. The court below simply intimated that the case should go back for trial in the justice's court. That means simply that the parties should introduce their evidence in the justice's court, and then appeal again to the district court, where they would occupy precisely the same position in which they found themselves when they were dismissed in the first instance; for, even had evidence been introduced, they would still go to trial *de novo* in the district court on the pleadings as they now stand, and as they have stood from the beginning. As before stated, if it were not a case in which the jurisdiction of the district court were concurrent with the jurisdiction of the justice's court an appeal of the kind would not be allowed, for the reason that, unless the amount exceed $100, the intention of the statute is that the higher court shall not be burdened with the consideration of the case until, after a trial, the party appeals as prescribed by law.

Defendant cites *Brick v. Brick,* 65 Mich. 230, 31 N. W. 907, 33 N. W. 761. The language of the court in that case is as follows: "It appears from the printed record that the decree below was entered, by the consent of defendant, by his solicitor. Such a decree is binding upon the parties, unless impeached for fraud or mistake, and no such claim is advanced on this appeal." The facts already stated show most conclusively that, to say the least, if the consent entered in the justice's court resulted in a judgment from which no appeal could be legally had, a mistake was made. This view urged by the defendant is not seriously denied. Counsel for respondent cites *Campbell v. Randolph,*

Idaho, Vol. 2—49

13 Ill. 314. The Illinois statute provides that "appeals from judgments of justices of the peace to the circuit court shall be granted in all cases except on judgments confessed." (Rev. Stats., 1845, c. 59, sec. 58.) The entry in the case discussed was as follows: "This day being set for trial, and the parties appeared, and the defendant filed his setoff. But, no proof being before the court, and the defendant by his counsel admitting the plaintiff's account, judgment is, therefore, rendered in favor of the plaintiff and against the defendant for the sum of $17.20, principal and interest, and cost of suit." The court held this not to be a judgment by confession. Under our statute a judgment by confession may be made, but section 5061 contains the following requirements: "It must be made, signed by the defendant, and verified by his oath, to the following effect: 1. It must authorize the entry of judgment for a specified sum; 2. If it be for money due or to become due, it must state concisely the facts out of which it arose, and show that the sum confessed therefor is justly due or to become due; 3. If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability, and show that the sum confessed therefor does not exceed the same." It is unnecessary to say that the judgment in this case was not, under this statute, a judgment by confession; nor was it a judgment by default, because the defendant was in court with an answer denying the allegations contained in the complaint. We think there can be no question of the agreement between the parties as to what should be done in the premises; nor do we think it possible for the judgment to stand, having been rendered, without evidence, notwithstanding defendant's answer denying the averment set forth in the complaint. (*Curtis v. Superior Court,* 63 Cal. 435.)

We will not pass this case without expressing our disapproval of proceeding in this manner; for it, at best, encumbers the practice with proceedings of a doubtful character, and throws into the court many perplexing questions involving both time and expense. The judgment is reversed, and a trial ordered in the district court.

Beatty, C. J., and Berry, J., concur.