[Sac. No. 307. Department One.—May 3, 1898.]

COUNTY OF SOLANO, Respondent, v. JAMES H. McCUD-DEN, Appellant.

COUNTY GOVERNMENT ACT—CLAIM OF SUPERVISOR—PRESENTATION TO DISTRICT ATTORNEY—ACTION BY COUNTY.—The authority conferred upon the district attorney by section 51 of the County Government Act, providing that all claims against the county presented by members of the board of supervisors for any service rendered by them must before allowance be presented to the district attorney, who must indorse thereon in writing his opinion as to the legality thereof, and, if he

declare the claim illegal, must state specifically wherein it is illegal, and the claim must then be rejected by the board, is valid; and a claim of a supervisor for services performed by him as *ex officio* road commissioner, allowed and paid without presentation to. and indorsement by the district attorney, is invalid, and the amount thereof may be recovered by the county.

ID.—CONSTITUTIONAL LAW—UNIFORMITY OF OPERATION.—The claims of its own members are on a footing before the board of supervisors so different from claims in general that special conditions for their allowance may be justly imposed by the legislature; and, as the requirement of section 51 of the County Government Act for submission of such claims to the district attorney, applies alike to all claims within the category thus peculiarly circumstanced, the statute has uniformity of operation within the meaning of section 11 of article I of the constitution, and is not unconstitutional.

ID.—DECISION OF DISTRICT ATTORNEY NOT FINAL—ACTION BY SUPERVISOR.— No authority is conferred upon the district attorney to adjudge conclusively upon the legality of the claim of a supervisor; and the supervisor whose claim is rejected has still the right to sue the county therefor in the proper court.

APPEAL from a judgment of the Superior Court of Solano County.  A. J. Buckles, Judge.

The facts are stated in the opinion.

George A. Lamont, for Appellant.

Frank R. Devlin, for Respondent.

BRITT, C.—Defendant was a member of the board of supervisors of Solano County, and *ex officio* commissioner of a certain road district.  At various times from December 5, 1893, to September 2, 1895, inclusive, he presented to said board, of which he was a member as stated, claims against the county for services performed by him as road commissioner; such claims were allowed by the board and were paid out of the county treasury.  They were not presented to the district attorney of the county, and none of them bore his indorsement of approval or rejection. This is an action by the county to recover the amount of the several payments made as aforesaid.  The services for which defendant was paid were actually rendered, and there is no charge of bad faith against him.  Plaintiff had judgment.

It is provided in section 51 of the County Government Act of 1893 (Stats. 1893, p. 365) that all claims against the county presented by members of the board of supervisors for any service

rendered by them must, before allowance, be presented to the district attorney, "who must indorse thereon in writing his opinion as to the legality thereof; if he declare the claim illegal, he must state specifically wherein it is illegal, and the claim must then be rejected by said board." It is undisputed in the case that if such requirement was valid the judgment is right.   (See County Government Act, sec. 8.)

Subdivision 12 of section 25 of the same act confers power on the board of supervisors "to examine, settle, and allow all accounts legally chargeable against the county," with a specified exception not material here; and it is contended for defendant that said section 51 of the act conflicts with the general provision of subdivision 12 of section 25 by giving to the district attorney supervisory power over claims presented by members of the board, and on that account is violative of the command of the constitution that all laws of a general nature shall have a uniform operation.   (Const., art. I, sec. 11.)

We are unable to concur in the view of defendant's learned counsel.   Section 51 does not purport to clothe the district attorney with authority essentially different from the power exerciseable by him as to any claim whatever presented to the board for allowance; it is his duty to attend meetings of the board and "oppose all claims and accounts against the county when he deems them illegal and unjust."   (County Government Act, sec. 137.)   True, under the section last cited the opposition of the district attorney does not control the discretion of the board to allow the claim opposed, while under section 51 the board is bound to reject the claim of one of its members if the district attorney in writing declares it illegal and states specifically wherein it is illegal; but this is not because of any enlarged power of the district attorney to supervise or usurp the proper functions of the board; it is the mandate of the law which thus discriminates between classes of claims, viz., those presented by the members of the auditing board, and those presented by other persons, and requires the rejection of the former on the unfavorable opinion of the district attorney.   We think it quite apparent that claims of its own members are on a footing before the board so different from claims in general that special conditions for their allowance may be justly imposed by the legislature; and as the requirement

for submission to the district attorney applies alike to all claims
within the category thus peculiarly circumstanced, the uniform
operation of said sections 12 and 51 is preserved within the
meaning of the constitution. (*Smith v. Judge of Twelfth Dist.,*
17 Cal. 547; *People v. Henshaw,* 76 Cal. 436, 442; *People v. Central Pac. R. R. Co.,* 105 Cal. 576, 584.)   A judge of the superior
court must pass upon and allow or reject claims against the
estates of decedents in process of administration before him, but
if he has a demand of his own against an estate he must obtain
its allowance by some other judge (Code Civ. Proc., sec. 1495);
it would probably not be contended that this provision affects
the uniform operation of the statutes concerning claims against
estates in probate.

The principle of *Dwyer v. Parker,* 115 Cal. 544, cited by appellant, seems to us inapplicable here.   There the statute drawn in
question purported to confer on the district attorney discretionary power to determine in what cases justices of the peace and
constables should be paid for certain official services; and this
whether such services had been performed in cases required by
law or not, and whether for such services the law provided for
their compensation or not.   Here, no such authority is given
him; his duty as to the claim of a supervisor is merely to advise
on its legality as presented, not to decide whether it shall be
allowed as a matter of policy even if found to be legal.   Moreover, his conclusion is not final; the supervisor whose claim is rejected has still the right to sue the county thereon in the proper
court.   (County Government Act, sec. 44.)   The judgment
should be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment
is affirmed.          Harrison, J., Garoutte, J., Van Fleet, J.