[S. F. No. 2302. Department One.—December 16, 1902.]

COUNTY OF CONTRA COSTA, Appellant, v. A. J. SOTO, F. L. GLASS, and GEORGE R. ARMSTRONG, Respondents.

APPEAL—DELAY—REVIEW.—Upon appeal from a judgment and from an order denying a new trial, where the appeal from the judgment was not taken within one year from its entry, it cannot be con-

sidered, and the review must be confined to the appeal from the order denying a new trial.

ACTION BY COUNTY—MONEY COLLECTED FOR `SUPERVISORS—PERCENT-AGE—AUTHORITY OF DISTRICT ATTORNEY.—As a general rule all actions brought by or prosecuted on behalf of a county must be brought by authority of the board of supervisors, and where money has been collected for the supervisors under contract with them for a percentage, the district attorney has no authority to prosecute an action in the name of the county to recover the amount of such percentage, without a previous order of the board of supervisors. The district attorney has only the limited power given him under section 8, where the board has ordered money paid without authority of law.

ID.—POWER OF SUPERVISORS.—The board of supervisors had the right to make a contract with one who is not a county officer to collect money due the county, and to pay him a percentage for making the collection.

ID.—VALIDITY OF CONTRACT—EMPLOYMENT OF COUNTY OFFICERS BY CONTRACTOR.—Where the contract with the supervisors was valid when made, the fact that the contractor subsequently employed some county officers to assist him, and paid them for doing it, cannot render the contract void.

ID.—SURMISE INSUFFICIENT—GOOD FAITH—NONSUIT.—Mere surmise or suspicion that the contractor obtained the contract for the benefit of the county officers will not support a judgment for the county based thereupon; and where the good faith of the supervisors is not questioned, nor the competency of the contractor to enter into the contract controverted, and it is not shown that the services performed were not worth all the compensation received for them, and the supervisors had not authorized the prosecution of the action, a judgment of nonsuit was properly entered in the action brought by the district attorney.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial. A. J. Buckles, Judge presiding.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, C. Y. Brown, District Attorney, and Eli R. Chase, for Appellant.

W. S. Tinning, and M. R. Jones, for Respondents.

COOPER, C.—At the close of plaintiff's evidence the court granted defendants' motion for a nonsuit, and judgment was

accordingly entered. Plaintiff brings this appeal from the judgment and from an order denying its motion for a new trial. The judgment was entered December 16, 1897, and the notice of appeal therefrom served and filed March 17, 1900. Therefore, the appeal from the judgment cannot be considered, because not taken within the statutory time. The appeal from the order is accompanied by a statement containing the evidence and proceedings. The amended complaint alleges, in substance, that under an act of the legislature entitled, "An act to appropriate money for the support of aged persons in indigent circumstances," approved March 18, 1883, there became and was due the plaintiff from the state of California, in November, 1894, the sum of $27,941.05; that afterwards the defendant Soto received the said sum, and paid into the treasury of plaintiff the sum of $20,955.80, and no more, and has ever since retained the balance, $6,985.28, and the same is due and unpaid to plaintiff; that prior to receiving the said money the defendants "unlawfully, fraudulently, corruptly, and knowingly conspired together to cheat and defraud the plaintiff" out of said balance, and in pursuance of said conspiracy defendants divided said sum among themselves, and that defendants have since neglected and refused to pay the same to the plaintiff.

Judgment is prayed for said sum of $6,985.28, with twenty per cent added thereto as damages and for costs. The complaint is signed by C. Y. Brown, the district attorney of plaintiff, as plaintiff's attorney. There is no allegation nor claim that the action is brought by order or direction of the board of supervisors of the county. Defendants severally demurred to the complaint upon the general ground that it fails to state facts sufficient to constitute a cause of action, and upon the special ground that it does not appear therefrom that the action is brought in pursuance of any order or authority of the board of supervisors of plaintiff. The demurrers were overruled and defendants answered.

The allegations of the answers and the proof on the part of plaintiff show substantially: That the said sum of money was received by defendants and the $6,985.28 was retained by them and divided in certain proportions; that it was obtained from the state under the act herein quoted as moneys due the county; that before obtaining the money the plaintiff,

through its board of supervisors, made a written contract with defendant Armstrong, whereby it agreed to allow said Armstrong twenty-five per cent of all amounts collected by him from the state under. said act, as compensation for his services to be performed in preparing evidence and presenting the same to the proper authorities for the said amount so due plaintiff by the state; that said twenty-five per cent is the amount so retained by defendants and the amount so agreed to be paid to Armstrong; that the work in preparing the evidence in support of plaintiff's claim and prosecuting the same was in fact done by defendants Soto and Glass, under an understanding with defendant Armstrong that they were to do the work and receive compensation therefor; that the defendant Soto was, at the time of doing said work, and has been at all times since, the county auditor of plaintiff, and defendant Glass was, and has been, the county clerk of plaintiff; that after the said claim of plaintiff was presented and the money obtained the defendant Armstrong received only $250 thereof, and the balance of the $6,985.28, after deducting the $250 so paid Armstrong, was divided equally between defendants Soto and Glass; that said sum has never in fact been paid to plaintiff, but has been kept and retained under the terms of the contract so made with Armstrong.

At the close of plaintiff's evidence the defendants moved for a nonsuit upon the grounds,—1. That no authority has been shown for the commencement of the action by the district attorney, and that no authority or order of the board of supervisors directing the money to be paid over has been shown; and 2. Upon the ground the evidence fails to show any cause of action against defendants, or either of them.

As to the first ground of the motion, it is the general rule that all actions brought by, or prosecuted in behalf of, a county must be brought by authority of the board of supervisors. (County Government Act, 1897, p. 457, sec. 25, subds. 1-16; *Ventura County* v. *Clay,* 119 Cal. 214.) The counsel for plaintiff, when the motion was made, did not claim any authority from the board of supervisors for the commencement of the action, or any ratification by the board as to the same, but relied upon section 8 of the County Government Act of 1897 as authority for bringing the suit.

Said section empowers, and makes it the imperative duty of, the district attorney, in certain cases therein named, to institute suit in the name of the county, *"and no order of the board of supervisors shall be necessary in order to maintain such suit."* It is claimed that the provision authorized this action to be brought by the district attorney of his own volition, by virtue of the language, "Whenever any board of supervisors shall, without authority of law, order any money paid as salary, fees, or for other purposes, and such money shall have been actually paid," etc. It is evident that the above language means that the board, without authority of law, must have ordered the money paid, and that it must have been actually paid before the action can be maintained by the district attorney. In this case the board did not order the money paid which it is sought to recover. The agreement made with Armstrong was made for the purpose of getting money into the county treasury, and not for the purpose of paying it out. If we concede that the contract was void and beyond the power of the board to make, still it was not an order for the payment of money. It was, at least, an attempt to authorize the collection of a legal claim due to the county from the state. If the contract is conceded to be wholly void, the money was collected by defendants for the use and benefit of the county. The twenty-five per cent kept by defendants, if the property of the plaintiff, could have been recovered by the county through the board of supervisors and by the authority of the board. The complaint, although attempting to make a case under section 8, alleges facts which show that it simply states a cause of action for money had and received to plaintiff's use. It alleges that Soto "had and received into his possession from the treasurer of the said state of California the said sum of $27,941.05, the same being then and there the money and property of the plaintiff." Then, after alleging the payment of $20,955.80 to plaintiff, it states that defendants "neglect and refuse to pay the said sum of $6,985.28 into the treasury of the plaintiff."

The fact that the board of supervisors, after having made the contract, would not be likely to authorize an action to recover the money they had agreed to pay, does not change the result. The board has charge of the management and

disbursement of the public revenues of the county. The county acts through its board of supervisors. The board has the express power "to direct and control the prosecution and defense of all suits to which the county is a party."

The district attorney has the limited power given him under section 8. Cases may arise in which the board may not do its duty, or in which the county may lose by the derelictions of the board; but we must presume that it, as well as other official bodies or officers, will perform its official duty. The interests of the county, the allowance of claims against it, the erection and maintenance of public buildings, and many other matters are under the charge of the board. If the county should lose money by the improper action or failure to act of its board of supervisors, in many cases there would be no remedy.

In the present case we cannot say that the county has been injured or that it has lost money. It is sufficient for us to say that the evidence entirely fails to show any authority in the district attorney to bring the action.

The evidence, aside from the question of the authority of the district attorney, did not prove a case against defendants. The board of supervisors had the right to make the contract with Armstrong, who was not a county officer, and to pay him a percentage for making the collection. (*Lassen County* v. *Shinn,* 88 Cal. 510; *Power* v. *May,* 114 Cal. 208; *Power* v. *May,* 123 Cal. 151.) The plaintiff did not show that Armstrong was not an attorney, nor that there was any collusion in the making of the contract. It is not shown that the board of supervisors knew anything in regard to the contemplated employment of Soto and Glass by Armstrong. There is no evidence even tending to show that the services performed were not worth the amount agreed to be paid. The board having made a fair contract with Armstrong to pay him a just compensation for services to be rendered, and he having rendered the services, and paid the amount due the county under his contract into the treasury of plaintiff, we cannot see that the simple fact that county officers performed part of the work for Armstrong, and were paid by him for doing it, would render the contract void. Of course, if the contract had been made by the board, either directly or indirectly, with Soto and Glass for work, which was a part of their

official duty to do, the case would present a different question. It would then fall within the rule of *County of Humboldt* v. *Stern,* 136 Cal. 63. It is true that the evidence tends to show facts from which it might be surmised that Armstrong was really getting the contract for the benefit of Soto and Glass. But surmise or suspicion will not support a judgment. The good faith of the board is not questioned. The competency of Armstrong to enter into the contract is not controverted. It is not shown that the services performed were not worth all the compensation received for them.

It follows that the appeal from the judgment should be dismissed and the order affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the appeal from the judgment is dismissed and the order affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.