[Sac. No. 1352.    In Bank.—September 25, 1906.]

## COUNTY OF PLACER, Appellant, v. W. A. FREEMAN, Respondent.

ACTION BY COUNTY—MONEY ILLEGALLY PAID—EXPENSES OF ROAD COMMISSIONER.—An action will lie under sections 8 and 53 of the County Government Act of 1897 in favor of a county to recover back money illegally paid to a supervisor, as *ex officio* road commissioner, for traveling and personal expenses as such road commissioner, in

violation of section 215 of the County Government Act, which provided that the salaries and fees therein provided for should be in full compensation for all services rendered the county as such officer and *ex officio* officer, there being then no other provision of law authorizing reimbursement to the road commissioner of the money so expended.

ID.—CONSTRUCTION OF COUNTY GOVERNMENT ACT—"CONTINGENT EX-PENSES."—Subdivision 8 of section 228 of the County Government Act, making "contingent expenses necessarily incurred for the use and benefit of the county" a county charge, must be construed as applying only to such traveling and other expenses of certain officers as are elsewhere expressly provided for, and does not apply to the case of traveling and other expense of a supervisor as *ex officio* road commissioner, for which no such provision is made, and any allowance for which is repugnant and hostile to section 215 of that act fixing his compensation.

ID.—EFFECT OF LATER STATUTE ALLOWING COMPENSATION FOR EXPENSES —COMPENSATION NOT TO BE INCREASED.—Although a later act, adopted March 23, 1901, provides for repayment to road commissioners of itemized expenses actually incurred, and applies to all terms arising after its passage; yet the inequality and individual hardship which results to certain members of the board to which such relief is denied cannot be permitted to overthrow or modify the rule that the compensation of a public officer is not to be increased during the term for which he is elected.

ID.—SUFFICIENCY OF COMPLAINT BY COUNTY—ERRONEOUS ORDER STRIK-ING OUT.—Where the complaint by the county was properly framed under sections 8 and 53 of the County Government Act of 1897, and stated a cause of action within the jurisdiction of the superior court, the court erroneously struck out items therefrom, which the county was entitled to recover as having been illegally paid.

ID.—CHANGE OF JURISDICTIONAL SUM—EXCEPTIONS—ADMISSIONS—DIS-MISSAL — JUDGMENT NOT BY CONSENT — REVIEW UPON APPEAL.— Where the erroneous order striking items from the complaint left a demand not exceeding twenty dollars, to which exception was reserved by the county, the fact that thereafter both parties admitted that the court had no jurisdiction of such residue, and that thereupon the court ordered the action dismissed, did not render the judgment of dismissal a consent judgment; and the county was entitled to appeal therefrom, to have the erroneous order reviewed, upon a bill of exceptions, and to have the judgment reversed, with directions to deny the motion to strike out.

APPEAL from a judgment of the Superior Court of Placer County.  J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

A. K. Robinson, District Attorney, and F. P. Tuttle, for Appellant.

L. L. Chamberlain, and J. E. Marks, for Respondent.

HENSHAW, J.—This action was brought by the district attorney of the county of Placer in the name of the county, against the defendant, who was a member of the board of supervisors of the county. As such supervisor he was *ex officio* a road commissioner of the county. (Pol. Code, sec. 2641.) As road commissioner he presented for payment claims against the county aggregating the sum of $458.10. These claims were for traveling and personal expenses incurred as road commissioner. They were paid. This action by the county is to recover back these moneys, and is prosecuted under the provisions of the County Government Act of 1897. (Stats. 1897, page 452, sec. 8.) The constitutionality of this section has been upheld in *County of Contra Costa* v. *Soto*, 138 Cal. 57, [70 Pac. 1019].

By the provisions of the County Government Act, each member of the board of supervisors of Placer County became *ex officio* a road commissioner of the county. At the time when the defendant, as road commissioner, paid out the several sums of money for traveling and personal expenses, and these claims were ordered paid by the board of supervisors, the warrant drawn by the auditor and paid by the treasurer, there was nothing in the law making special provision for the repayment to the road commissioner of the money so expended. To the contrary, section 215 of the County Government Act provided that the salaries and fees provided for should be in full compensation for all services rendered the county as such officer or *ex officio* officer.

To this complaint was interposed a demurrer and a motion to dismiss. The motion was overruled. The court, in an opinion overruling the demurrer, suggested to the attorney for the respondent that it would entertain a motion to strike out from the complaint many of the items charged upon, as having been illegally collected, and the defendant, following this suggestion with a motion to strike out, the motion was granted under opposition and objection by the plaintiff. To the granting of the motion plaintiff reserved its exception.

The granting of this motion left the complaint as charging upon a few items trifling in amount, not exceeding in the aggregate twenty dollars. The complaint thus charging for the recovery of a sum less than three hundred dollars, plaintiff and defendant both appear to have entertained the view t'-at the court had no jurisdiction of such an action. A judgment of dismissal followed, which judgment is in the following language: "Both plaintiff and defendant having admitted in open court that the court has no jurisdiction of this action, it is, therefore, ordered, adjudged and decreed that the same be and is hereby dismissed."

From this judgment of dismissal plaintiff promptly appealed, causing a bill of exceptions to be settled, upon which it sought to review the soundness of the order of the trial court striking out portions of the complaint. Upon this appeal respondent urges a preliminary objection that the judgment of dismissal was a "consent judgment"; that being such a judgment, plaintiff is bound by its terms, and no appeal from it will, therefore, be considered. Much authority is cited as to the meaning, force, effect, and finality of a consent judgment. These authorities are unimpeachable in point of law, but do not call for consideration, because the judgment here appealed from is in no legal sense a judgment by consent. If plaintiff had assented to the order of court striking out the items and allegations of the complaint, some force might attach to the argument that plaintiff's concurrence in the judgment which it was believed necessarily followed, was a consent judgment. But the facts are that plaintiff was strenuously opposing the motion to strike out, and reserved its exception to the order which was given. The order having been made against its objection and exception, it was the conviction of plaintiff that, by the order striking out, the court had stripped itself of jurisdiction to proceed further with the action. Whether plaintiff was correct in this view of the law or not is quite immaterial. It assented to the judgment only in the sense that one assents who, protesting against a given course of conduct or procedure, agrees with his adversary that but one consequence can follow the adoption of that course of procedure or conduct. Thus a man who is told that he is going to be executed, but may have his choice of modes of execution between shooting and hanging, can scarcely

be said to have consented to his execution if he express a preference for being shot. An attorney, against whose complaint a general demurrer has been sustained without leave to amend, and who thereupon states to the court that, under his view of the law, nothing remains but to give judgment for the defendant, would hardly be said to have assented to the order sustaining the demurrer and to have bound himself through his declaration to a consent judgment. An attorney who objects to a question propounded of a witness, and who reserves his exception to the order of the court overruling his objection, can scarcely be said to have waived his objection and exception if thereupon he should turn to the witness and say, "Proceed with your answer." This proposition seems so plain as not to require the citation of authority, but reference may be made to *Mecham* v. *McKay*, 37 Cal. 154; *Harvey* v. *Bunker Hill Co.*, 2 Idaho, 731, [24 Pac. 30] ; *Smith* v. *Dittman*, 16 Daly (N. Y.) 427.

Coming thus to consider the ruling of the court in striking out the allegations in the complaint as to the claims, it appears, as has been said, that there is no warrant in the law for their collection by the road commissioner, unless it is found in subdivision 8 of section 228 of the County Government Act, which declares the following to be county charges: "Sec. 228. . . . Subd. 8. The contingent expenses necessarily incurred for the use and benefit of the county." It is a forced construction to hold that this provision contemplated the repayment of the personal expenses of the road commissioners, particularly in view of the fact that it makes no reference to these expenses, whereas subdivision 2 of the same section expressly makes a county charge of "the traveling and other personal expenses of the district attorney," etc. The County Government Act, as to many officers, makes express provision as to repayment of their personal and traveling expenses, and in the case of Placer County it is provided that (besides the clause touching the district attorney) the superintendent of schools shall be allowed his actual traveling expenses, not to exceed three hundred dollars per annum. (County Government Act [Stats. 1897, p. 539], sec. 185, subd. 11.) If the law, therefore, contemplated that the supervisors should receive repayment of such traveling expenses it would have said so. Whereas, in fact, what it does say in section 215 is that the

salaries and fees provided for shall be in full compensation for all services rendered the county as such officer or *ex officio* officer. That this language is in absolute repugnancy and hostility to the idea that where compensation for all services is fixed by statute, personal and traveling expenses may still be allowed, is well expounded in the case of *Albright* v. *County of Bedford,* 106 Pa. St. 582, and *State* v. *Trousdale,* 16 Nev. 357, where it is held, as indeed it must be, that a statute providing in terms or in effect that the compensation fixed "shall be in full for all services" excludes the idea that the legislature intended to allow extra compensation for traveling and like expenses. In the case at bar, if subdivision 8 of section 228, in providing that contingent expenses necessarily incurred for the use and benefit of the county are county charges, contemplated such expenses as are here in suit, it must necessarily include the traveling and personal expenses of every county officer, so that judges, sheriffs, county clerks, one and all, without any express provision of the law to that effect, would be entitled to recover their traveling expenses incurred in the performance of their duties. This certainly is not the construction of the section.

At a later session, in 1901, the legislature seems to have considered it a hardship that road commissioners should be compelled to bear the cost of their traveling expenses, and made provision by act adopted March 23, 1901, for the repayment to them of such itemized expenses as they had actually incurred, the result being that supervisors elected after the law of 1901 went into effect became clearly entitled to such reimbursement, while the supervisors who went into office before and retained office after the enactment of that law did not come within the scope of its liberality. But notwithstanding the fact that the result is as in this case, that certain members of the board of supervisors are entitled to reimbursement for their expenses as road commissioners, while other members of the board are not, the inequality and individual hardship which thus result cannot be permitted to overthrow, or even modify, the rule that the compensation of a public officer may not be increased during the term for which he is elected.

This complaint, as has been said, was framed under the provisions of section 8 of the County Government Act (Stats..

1897, p. 452) and under section 53 of the same statute. The complaint was certainly sufficient in form. (*Solano County* v. *McCudden,* 120 Cal. 648, [53 Pac. 213].) It was, therefore, error for the court to strike out the allegations of the complaint.

The judgment is reversed, with directions to the trial court to deny the motion to strike out, and to allow defendant a reasonable time in which to answer to the merits of the complaint.

Angellotti, J., Shaw, J., McFarland, J., Sloss, J., and Lorigan, J., concurred.