(June 23, 1915.)

## In Re Application of WILLIAM HOWELL, for Writ of Habeas Corpus.

[150 Pac. 19.]

COUNTY COMMISSIONER—AWARDING CONTRACTS—INSUFFICIENCY OF INDICTMENT TO CONSTITUTE PUBLIC OFFENSE—STATUTORY CONSTRUCTION.

1. An indictment which fails to allege that a county commissioner was interested directly or indirectly in a contract awarded by the board of county commissioners of which he was a member, or in the benefits to be derived therefrom, at the time said contract was awarded, is insufficient, and fails to state any fact or facts sufficient to constitute a public offense under the provisions of sec. 88–b, Sess. Laws 1911, p. 169.

2. *Held,* that the indictment in this case is insufficient, and the demurrer should have been sustained.

Original application in this court by William Howell for a writ of *habeas corpus.* After hearing, the petitioner ordered discharged.

A. A. Fraser, for Petitioner.

The indictment does not state facts sufficient to bring the petitioner within the provisions of the statute. (*People ex rel. Gaffney v. Mayer,* 41 Misc. 368, 84 N. Y. Supp. 817; *O'Neill v. Town of Auburn,* 75 Wash. 207, 135 Pac. 1000, 50 L. R. A., N. S., 1140; *Escondido Lumber etc. Co. v. Baldwin,* 2 Cal. App. 606, 84 Pac. 284; *Contra Costa County v. Soto,* 138 Cal. 57, 70 Pac. 1019; *State v. Feagans,* 148 Ind. 621, 48 N. E. 225.)

R. L. Givens, Pros. Atty., E. P. Barnes and J. M. Parish, Assts., for Defendant.

Such statutes have been held of the greatest importance by reason of the effect upon the interests of the public. (*Bay v. Davidson,* 133 Iowa, 688, 119 Am. St. 650, 111 N. W. 25, 9 L. R. A., N. S., 1014.)

It is a well established and salutary rule in equity that he who is entrusted with the business of others cannot be allowed to make such business an object of pecuniary profit to himself. It is a general proposition that a public officer must not be interested in a contract. (Dillon on Municipal Corporations, sec. 444; McQuillan, Mun. Corp., sec. 550, and cases cited; *Doll v. State,* 45 Ohio St. 445, 15 N. E. 293.)

The case of *State v. York,* 131 Iowa, 635, 109 N. W. 122, was under a statute similar to our own, and the sufficiency of the indictment was sustained. (See, also, *State v. Shea,* 106 Iowa, 735, 72 N. W. 300; *Nelson v. Harrison County,* 126 Iowa, 436, 102 N. W. 197; *Cheney v. Unroe,* 166 Ind. 550, 117 Am. St. 391, 77 N. E. 1041; *Noble v. Davison,* 177 Ind. 19, 96 N. E. 325; *City of Minneapolis v. Canterbury,* 122 Minn. 301, Ann. Cas. 1914D, 804, 142 N. W. 812; *Robinson v. Huffaker,* 23 Ida. 173, 129 Pac. 334; *Anderson v. Lewis,* 6 Ida. 51, 52 Pac. 163; *Independent School Dist. No. 5 v. Collins,* 15 Ida. 535, 128 Am. St. 76, 98 Pac. 857.)

The prohibition against this kind of contracts is further strengthened by secs. 257 and 1956, Rev. Codes. (*Miller v. Smith,* 7 Ida. 204, at 213, 61 Pac. 824.)

BUDGE, J.—The petitioner, William Howell, county commissioner of the first commissioners' district, of Ada county was, on January 12, 1915, indicted by the grand jury of Ada county, which indictment, eliminating the formal parts and descriptive matter which are immaterial so far as the questions involved in this proceeding are concerned, charges the petitioner substantially as follows:

That the said William Howell, on or about the 2d day of May, 1914, and before the finding of this indictment at Boise, in the county of Ada, being then and there a duly elected, qualified and acting officer of Ada county, to wit, a county commissioner for the first district in said county, and as such member of the board of county commissioners did, wilfully, unlawfully, fraudulently and corruptly, become indirectly interested financially in a certain contract dated April 14, 1914, made by and between the board of county

commissioners of Ada county, in behalf of said county, and one J. J. Carroll, for the improvement of certain public roads.

To this indictment the defendant demurred upon the ground that "said indictment does not state any fact or facts sufficient to constitute a public offense or any offense known to the laws of the state of Idaho," which demurrer was argued and submitted to the trial judge and overruled. Thereafter the defendant entered his plea of not guilty and subsequently petitioned this court for a writ of *habeas corpus*, to which petition due return was made.

This indictment is based upon section 887-b, of the Sess. Laws of 1911, p. 169, which reads, as follows:

"No county commissioner shall in any manner be interested directly or indirectly, in any contract awarded or to be awarded by the board of commissioners or in the benefits to be derived therefrom . . . . and for any violation of this provision, such commissioner shall be deemed guilty of a misdemeanor, and shall be punished by a fine not exceeding five hundred dollars ($500), or by imprisonment not to exceed six (6) months or by both such fine and imprisonment."

The question for our determination is: Does the indictment state facts sufficient to bring the petitioner within the provisions of the statute above quoted? From the indictment it appears that the defendant, while acting in conjunction with the other members of the board of county commissioners of Ada county, entered into a contract dated April 14, 1914, on behalf of said county with one J. J. Carroll, for the improvement of certain public roads in said county; that the petitioner Howell was a member of a copartnership existing under the name of Howell and Ostner, and that said copartnership of Howell and Ostner entered into a subcontract with said J. J. Carroll, the original contractor, under the terms of which said subcontractors did certain work upon the public roads of Ada county, and for which work under said subcontract the firm of Howell and Ostner received from Carroll compensation.

The indictment alleges that the petitioner, as a member of the board of county commissioners of Ada county, on or

about the 2d day of May, 1914, "did, wilfully, unlawfully, fraudulently and corruptly *become* indirectly interested financially in a certain contract dated April 14, 1914, made by and between the board of county commissioners of Ada county, state of Idaho, in behalf of said Ada county, and one J. J. Carroll, for the improvement of certain public roads.''

Sec. 887-b, *supra,* provides: ''No county commissioner shall in any manner *be interested directly* or *indirectly,* in any contract *awarded* or *to be awarded* by the *board* of *commissioners or in the benefits to be derived therefrom.''*

As we understood, upon the oral argument in this case, it was admitted by the prosecuting attorney that, at the time the contract was entered into between the board of county comissioners on behalf of Ada county and Carroll, the petitioner was not interested, directly or indirectly, in said contract, or in the benefits to be derived therefrom. A conviction of the petitioner is sought upon the ground and for the reason that, after the contract had been entered into, the copartnership, of which petitioner is a member, entered into a subcontract with the original contractor, Carroll, for the construction of a portion of the highway included in his (Carroll's) contract.

The statute does not say, nor can it be construed to say, that no county commissioner shall in any manner *become* interested, directly or indirectly, in the subject matter of any contract awarded or to be awarded by the board of county commissioners. The commissioner must be interested in the contract itself, or the benefits to be derived therefrom, at the time of its execution in order to come within the provisions of section 887-b. If he subsequently becomes interested in the subject matter of the contract as a member of a copartnership, or as a member of a corporation and was in no way interested in the contract, or in the benefits to be derived therefrom, at the time it was awarded, and the execution of said contract was not due to any influence, act or conduct upon his part, he certainly would not be amenable to the penal provisions of said statute. The purpose of the

statute in question is to prohibit county commissioners from being interested, directly or indirectly, in a contract, or in the benefits to be derived therefrom, at or prior to the time the contract is awarded. Men are penalized for wrongdoing; not for engaging in legitimate business, or seeking and accepting legitimate employment. And as appears upon the face of this indictment, the petitioner was not interested in the contract let to Carroll by the board of county commissioners, or in the benefits to be derived under that contract at the time it was awarded; but the partnership, of which he was a member, subsequently entered into a subcontract and was compensated for the work and labor performed by the original contractor. The partnership had no business dealings with the county. The county was not responsible to the partnership. The original contractor was responsible to the subcontractor and was solvent.

A contractor has the right to enter the field of employment and let subcontracts for the doing of work under his contract, and it was never the intention of the legislature to restrict the citizens of this state from entering into fair and legitimate contracts. And more particularly is this true, when it clearly appears that no possible advantage could be taken of the county in the performance of the work or the compensation to be received therefor; and where it is conceded that the original contractor was responsible and solvent, that the contract has been fulfilled according to its terms and conditions, and that the county suffered no damage thereby.

In the case of *O'Neill v. Town of Auburn,* 75 Wash. 207, 135 Pac. 1000, 50 L. R. A., N. S., 1140, the court, in dealing with facts somewhat similar to those alleged in the indictment in this case, among other things, held: "Where a paving contractor, after the specifications had been changed so as to require a concrete base instead of a rock base, because of the scarcity of rock, . . . . purchased cement in the open market from corporations in which the mayor and a councilman were interested, payment therefor being made in the ordinary course of business, and not dependent upon pay-

ments received by the contractor from the town, the mayor and councilman were not interested in the contract for the paving, so as to render that contract void.''

In the case of *Escondido Lumber, Hay & Grain Co. v. Baldwin,* 2 Cal. App. 606, 84 Pac. 284, the court held: ''Where a contract for the construction of a schoolhouse was properly let to a solvent contractor, and was fully completed, the fact that the contractor purchased the lumber required from a corporation in which one of the trustees of the school district was a stockholder, and thereafter assigned the orders drawn for the amount due under the contract through an attorney to such corporation, was not a violation of Pol. Code, sec. 1876, declaring that no school trustee shall be interested in any contract made by the board of which he is a member. . . . . The mere fact that the contractor, without previous arrangement or agreement, saw fit to buy of a corporation for which one of the trustees was an agent certain materials used in the construction of the house, would not render the contract void, . . . . or . . . . subject to merited criticism . . . . it is not pretended or claimed that the building was not properly constructed, from which the formal acceptance would be imperative.''

While it is true that these cases cited are not parallel with the case at bar, for the reason that a corporation acts through its board of directors or by its manager, still, we think the principle involved is applicable.

In the case of *Contra Costa County v. Soto,* 138 Cal. 57, 70 Pac. 1019, it is held: ''A contract whereby a county, which had become entitled to a certain sum of money out of the state treasury, agreed with one of the defendants (himself not a county officer) to allow him 25 per cent for services in preparing evidence, etc., was not void, though the defendant employed certain county officers to do a part of the work for him.''

In our opinion, the indictment is insufficient in this, that it fails to allege that the petitioner was interested in any manner, directly or indirectly, in the contract or in the benefits to be derived therefrom, at or prior to the time it was

actually entered into between the board of county commissioners and Carroll; and in order to bring the petitioner within the purview of the statute heretofore quoted, it is incumbent upon the state to allege and prove these facts.

Where the indictment fails to allege that the commissioner was interested, directly or indirectly, in a contract, or in the benefits to be derived therefrom, at or prior to the time it was awarded by the board of commissioners; or if, upon the trial, the proof is insufficient to establish this, section 887-b of the 1911 Sessions Laws is not broad enough to justify this court in holding that such commissioner who, by reason of being a member of a copartnership which subsequently became interested in the subject matter of the awarded contract, should be subject to removal from office and other penalties prescribed in this statute.

Had the legislature intended that no county commissioner should become interested as a subcontractor or otherwise in the subject matter of a contract either individually or as a member of a copartnership or corporation, the statute would have been made sufficiently broad to have included such cases.

We are of the opinion that the demurrer in this case should have been sustained. Having reached the conclusion that the facts alleged in the indictment against the petitioner do not state a public offense and that the petitioner is illegally detained, it follows that the indictment must be quashed and the petitioner discharged from custody, and it is so ordered.

Sullivan, C. J., and Morgan, J., concur.