[No. 4646.   Decided June 26, 1903.]

Thomas J. Miller, *Appellant,* v. Orin D. Sullivan, *Respondent.*

SCHOOL DISTRICTS — CONTRACT OF DIRECTORS FOR REPAIRS — VALIDITY.
   The payment by the county treasurer of a school warrant issued by a board of directors in payment of services in repairing the school house rendered by themselves to the district may be enjoined at the suit of a citizen and taxpayer, although the amount involved is trivial and no one else could be procured to render the services, since contracts of that character are expressly forbidden by Bal. Code, § 2316.

Appeal from Superior Court, Thurston County.—Hon. Oliver V. Linn, Judge.   Reversed.

*Vance & Mitchell,* for appellant.

*J. W. Robinson,* for respondent.

The opinion of the court was delivered by

Mount, J.—This is an action to enjoin the defendant Phillips, *ex officio* treasurer of school district No. 3 of Thurston county, from paying a school warrant issued by the directors of that district to one of their associate directors for the sum of $25.30.   The complaint alleges in substance the official character of the defendants, and that the plaintiff is a citizen and taxpayer of the district; that the directors of the school district contracted with defendant Sullivan, one of their associate directors, to make repairs to the school building in their district; that defendant Sullivan, under such contract, furnished the labor and materials and did the work; that after the contract was completed Sullivan presented his bill therefor to the district, and that the district, by its board of directors, issued to Sullivan, in payment for the work done and materials furnished, a warrant for the sum of $25.30; that

by reason of the fact that Sullivan was a director of said school district the warrant issued in payment for the debts created by said contract was illegal and void. Defendant Phillips made no appearance in the action. Defendant Sullivan answered the complaint, and, after denying the material allegations of the complaint, alleged the facts as follows:

"Further answering, and by way of defense, this defendant alleges the facts to be: That on August 5, 1901, the board of directors of school district No. 3 of Thurston county held a special meeting at which it was determined that it would be necessary to repair the school building in certain particulars, and after such board met attempted to secure parties to do the work required; but they were unable to do so. That thereafter, by reason of the fact that it would be necessary to have such repairs done prior to opening of the next school term in said district, to wit, in September, 1901, and by reason of the fact that they could not secure the work to be done elsewhere, the three directors, to wit, Sullivan, Spillman, and Sturne, secured the services of J. L. Meed, a carpenter, and at once began to repair the schoolhouse as necessity required, and in doing so J. L. Meed worked two and one-fourth days at $2 per day, amounting to $4.50; A. L. Sturne worked one and one-half days at $2 per day, amounting to $3; A. Spillman worked two and one-fourth days at $2 per day, amounting to $4.50; and this defendant worked two and three-fourths days at $2 per day, amounting to $5.50. That in doing said work it was necessary to have some lumber for staging, which this defendant furnished, and which was used in doing said work without charge; but that, after the work had been finished, the district desired this staging lumber to remain at said building for future use, and it was then and there agreed that the said Sullivan should receive $1.50 for such lumber. And this defendant alleges that such services and labor were performed and given by said directors of said district in good faith and as a matter of necessity, because carpenters could not be had

to do the work, and the directors agreed, after such services were performed, that such labor should be paid for at the rate of $2 per day, which was much less than they could have secured the same or similar services from other parties, even if they could have secured them at all, which they could not do at that time. That in making said necessary repairs the district incurred the following indebtedness, to wit: George Martin & Son, for nails, $1.49; Thomas Counts, for hauling lumber used in repairing said schoolhouse, $2; Mrs. Lettie Spillman, for scrubbing and cleaning the schoolhouse after the repairs were completed, $2; brooms and screw eyes, 81 cents. That these various items amounted to $25.30. That, by reason of the fact that there was many times no money in the special fund out of which certain indebtedness had to be paid, it had been the custom for many years for the directors of this school district to draw the warrant in favor of some person agreed upon for the purpose of paying indebtedness of this character, to wit, such indebtedness as there was no funds in the special funds for that purpose, and such warrant was then converted into cash by the party to whom it was issued, at par, and such indebtedness as was represented by said warrant paid from the proceeds thereof. That the items of indebtedness above set forth could not have been paid, except from the special fund, in which there was no money at that time, and hence the warrant here in dispute was issued in the name of O. D. Sullivan, this defendant, as a mere convenience, and for the reason that there was no money in the fund from which said items had to be paid, and said warrant was issued to said Sullivan, and he directed to convert the same into cash, which defendant did, at par, and with the proceeds thereof the various individuals hereinabove mentioned were paid the items of indebtedness as hereinabove set forth. That while the warrant upon its face appeared to have been issued to the said Sullivan, as though he was dealing with the district, the facts are as hereinabove set forth, and no contract of any kind or character was ever entered into, except as hereinabove fully set forth."

The plaintiff for reply denied that the board of directors attempted to secure other parties to do the work, and denied the necessity for the directors to do the work. At the trial the plaintiff testified to his citizenship and that he was a taxpayer in the district. Defendant Sullivan was then called as a witness for the plaintiff, and testified that he did certain work by way of repair under the direction of the carpenter, but that he had no contract with the district. Plaintiff thereafter rested his case, and the respondent moved the court to dismiss the action because of failure of proof, which motion the court granted, and dismissed the cause. Plaintiff appeals.

The appellant maintains, we think correctly, that there was but one issue under the pleadings, and that was whether or not the plaintiff was authorized to maintain the action as an interested citizen and taxpayer. The affirmative answer shows that the board of directors of the school district determined that certain repairs were necessary to the school building; that they were unable to secure other parties to do the work, and therefore undertook to do it themselves; that they secured the services of a carpenter for that purpose; that when the work was done the warrant was drawn in favor of one of the directors, viz., defendant Sullivan, in payment of services rendered by himself and in payment of services rendered by the other two directors, and also in payment for materials and labor furnished by others. There can be no doubt that this answer shows that each of the directors had a direct pecuniary interest in the repairs which were placed upon the building. They employed themselves and fixed their own wages. The statute, at § 2316, Bal. Code, provides:

"It shall be unlawful for any director to have any pecuniary interest, either directly or indirectly, in any erection of school houses, or for warming, ventilating, furnishing

or repairing the same, or be in any manner connected with the furnishing of supplies for the maintenance of schools, or to receive or accept any compensation or reward for services rendered as director."

This section is positive, and makes no exception for necessity. In the case of *Northport v. Northport Townsite Co.*, 27 Wash. 543 (68 Pac. 204), where a member of the city council was also a stockholder in a lumber company which sold lumber to a contractor to be used in constructing sidewalks, this court held that the lumber company could not enforce a contract under a statute similar to the section above quoted. It is true that in the above case the statute also provided that, if any claim for compensation be audited and allowed, it "shall not be paid by the treasurer;" but we think the effect of these two statutes is the same, viz., to make the contract unlawful and unenforcible. The reasons given for the decision in *Northport v. Northport Townsite Co.* are equally applicable to this case. The allegations set up in the answer clearly show that the warrant was unlawfully issued to one of the directors for repairs in which each of the directors had a pecuniary interest. For this reason the plaintiff was entitled to a decree restraining the payment, when the disputed facts of citizenship and interest were shown. This being shown, it was the duty of the court to restrain the payment of the warrant unlawfully issued.

It is argued by respondent that, since the amount of the warrant in this case is only $25.30, the cause should be dismissed as trivial. It is true the amount involved is small, but the question at issue is one of much importance, as it involves the duty of public officers intrusted with the disposition of common school funds, much of which is paid out in small amounts. School directors and other public officers should not be permitted to violate the posi-

tive public law, even where the amount of money involved is small.

The cause is reversed and remanded, with instructions to the lower court to enter a decree restraining the payment of the warrant in question.

FULLERTON, C. J., and DUNBAR and HADLEY, JJ., concur.