## MICHAEL O'NEIL

*vs.*

## JOHN H. FLANNAGAN AND CITY OF PORTLAND, Trustee,

## FRED H. JOHNSON, Claimant.

### Cumberland.   Opinion January 26, 1904.

*Contracts*, Void by statute—Alderman interested.   *Trustee Process.*
*R. S. (1883), c. 3, § 36.*

A contract in which a member of a city government is interested, directly or
indirectly, is void by R. S. (1883), c. 3, § 36.

*Held;* that such a contract being void the city is under no liability to such
persons, and is not liable to trustee process.

Exceptions by plaintiff.   Sustained.

Trustee suit upon account annexed in the Superior Court for Cumberland County, and in which the funds attached were claimed by
Fred H. Johnson, an alderman of the City of Portland.

The case was submitted to the presiding justice without a jury,
the parties reserving the right to except.

At the hearing upon the disclosure, the parties made the following
agreement:

"That the statements made in the trustee disclosure and in the
claim filed by Mr. Johnson are true; that at the time the contract
between Flannagan and the City was made and entered into, and at
the time when the assignment of the proceeds of that contract was
made by Flannagan to Johnson, Johnson was acting as an alderman
of the City of Portland; that the assignment from Flannagan to
Johnson was drawn under the direction of Edwin L. Dyer who acted
in that transaction as the attorney for Mr. Johnson in drawing the
assignment, and who was also filling the office of city clerk."

Upon the disclosure, and these admissions, the court ruled as matter of law, that the claimant had established his right to the funds in

the possession of the trustee, and that the trustee should be discharged.

*D. A. Meaher*, for plaintiff.
*H. J. Conley*, for Flannagan.
*Scott Wilson*, for trustee.
*A. W. Coombs*, for claimant.

SITTING:  EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

STROUT, J.  Flannagan had a contract with the City of Portland to build a sewer.  To protect the city, he gave it a bond with the American Bonding and Trust Company as surety, to perform his contract.  To obtain this surety, Flannagan and Johnson, the present claimant, gave the surety company their bond to protect it from loss on its bond to the city.  In consideration of this liability, Flannagan assigned to Johnson the moneys to be received by Flannagan upon performance of his contract with the city.  Flannagan failed to perform, and thereupon by arrangement of all parties Johnson completed Flannagan's contract at a total expense much larger than the contract price for building the sewer.

Johnson was at that time an alderman of Portland.  When the writ was served on Portland, as trustee, there was due four hundred dollars under the Flannagan contract, but this amount resulted from work done by Johnson, after Flannagan had failed to perform and abandoned all attempt to fulfill his contract.  Johnson claims this amount under assignment from Flannagan.

Revised Statutes of 1883, c. 3, § 36, provides,—"No member of a city government shall be interested, directly or indirectly, in any contract entered into by such government, while he is a member thereof; and contracts made in violation hereof are void."

Johnson's liability upon his bond to the surety company made him interested in Flannagan's contract, to have it performed and accepted by the city.  This interest attached at the inception of the contract, which is tainted by it.  It is clearly within the inhibition of the recited statute.  The provision is a wise one, and tends to honest

dealing, and exclusion of motive for improper practices harmful to the community. It should be applied without evasion to all contracts falling within its provisions. So applying it, the result necessarily follows that the city's contract with Flannagan was absolutely void. *Goodrich* v. *Waterville,* 88 Maine, 39..

The contract being void, the city was never under any legal liability upon it.

If Flannagan had completed the work contemplated by the contract, and it had been accepted and used by the city, it may be possible that he could recover compensation upon the quantum meruit. If so, neither the plaintiff in this case nor Johnson are aided, as Flannagan never completed the work, and the amount due, according to the terms of the contract, is for work done by Johnson after Flannagan had abandoned it, — and Johnson's illegal connection with the contract barred him of all claim.

The attempted assignment to Johnson of the amount due under the contract is of no avail, because the contract itself being void, nothing was legally due under it.

The ruling below, that Johnson had established his right to the fund, cannot be sustained, but the decision that the trustee be discharged was correct.

*Exceptions to the ruling that Johnson was entitled to the fund sustained. Trustee discharged.*