[No. 21751. Department Two. June 6, 1929.]

WILLIAM O'CONNOR, *Appellant,* v. M. J. MURRAY *et al.,*
*Respondents.*[1]

*Wm. O'Connor* and *W. W. Zent,* for appellant.

*H. A. Davis,* for respondent board of county commissioners.

*Chas. A. Johnson* and *Crollard & O'Connor,* for respondents Larrabee *et al.*

FRENCH, J.—The following written decision was given by the trial court in this case:

"This action is prosecuted by the plaintiff, a taxpayer of Okanogan county, in behalf of himself and others similarly situated, seeking to have declared void a road contract entered into between Okanogan county and the defendant M. J. Murray, on the ground that the defendant, John Larrabee, one of the commissioners of Okanogan county, was beneficially interested in the contract at the time of its execution, and at all times thereafter. The plaintiff places chief reliance upon § 2334, Remington's Compiled Statutes.

"It appears that, in order that the defendant Murray might put in a bid upon the road construction in question, the defendant Larrabee endorsed his note at

[1] Reported in 278 Pac. 176.

an Okanogan bank for the sum of $500, the amount necessary to be deposited, in the form of a certified check, with his proposed bid; that thereafter the bid, being the lowest bid, was accepted by the board of county commissioners and the defendant Murray, seeking a surety bond at a bank in Okanogan, the defendant, John Larrabee, signed an application and recommendation, containing an indemnity guarantee, and that, after the contract was executed, and the work entered upon, the defendant, John Larrabee, endorsed the note of the defendant, Murray, at an Okanogan bank, enabling him to get $1,500 upon which to commence work, and that thereafter, after the present action was begun and the payments to Murray delayed, the defendant Larrabee endorsed the note of the defendant Murray for an additional sum in the Okanogan bank, and there was a balance unpaid on these notes at the time of the trial.

"The above facts coming to the knowledge of the plaintiff, who was at the time the prosecuting attorney of Okanogan county, amply justified him in making a searching investigation of the situation. It is, doubtless, true that the facts stated make a *prima facie* case against the defendants, and is sufficient to place the burden of proof upon them; demonstrating that the defendant Larrabee had no beneficial interest in the contract. In considering the case, the court has so placed the burden of proof upon the defendants, and, after a careful analysis of all of the facts and circumstances introduced in evidence, the court is of the opinion that the defendants have met the burden of proof, and have demonstrated that, notwithstanding the unfavorable appearances indicated by the above stated facts, the defendant Larrabee had no beneficial interest in the contract, either present or prospective, at the time it was entered into, and that he has not at any time since the contract was entered into, had any beneficial interest in the contract in any manner, directly or indirectly. Indeed, I do not understand it to be seriously contended by the plaintiff that the defendant Larrabee had any actual, beneficial interest in the contract, or that he ever hoped in any manner to receive any benefit therefrom, but it is contended that the fact

that the defendant Larrabee became surety for the defendant Murray on his notes, and that he had signed an indemnity contract for the defendant Murray, made him beneficially interested in the contract as a matter of law, and that the contract was, therefore, void.

"Two cases are cited, in which it is contended that courts other than our own have so held, namely *Knippa v. Stewart Iron Works,* (Tex. Civ. App.) 66 S. W. 322, a Texas case, and *O'Neill v. Flannagan,* 98 Me. 426, 57 Atl. 591.

"However, it will be noted that, in addition to the plaintiffs in those cases becoming surety for the contractor, they were each actually in court as plaintiffs seeking to recover from the corporations of which they were officers. Relief was, of course, properly denied. I do not find any case, and none has been cited, where the bare fact of an officer becoming surety or guarantor for a contractor has been held to make the contract void where, as here, there was no actual, beneficial interest in the contract, either actual or contemplated. It is true that an officer placing himself in this position unfits himself to look after the best interest of his client, the corporation, should any conflict in interest arise between the county and the contractor, and his acts should be scrutinized with great care, and the court has attempted to so scrutinize the acts of the defendant Larrabee, in this case, but, on so doing, has been unable to discover that any wrong has been committed as against the county.

"Considerable has been said in reference to the fact that the defendant Larrabee, as county commissioner, permitted the defendant Murray to use a portion of the county road equipment in the construction work involved in his contract. There is testimony that the defendant Murray was to compensate the county for the use of this equipment. If, however, it be held that there was to have been no adequate compensation paid for the use of the road equipment, there could be but one objection to that fact; that is, it could be objected that it was not made known, through the notice asking for bids, that the county would furnish, to the contractors bidding, this road equipment, thus placing each

contractor upon the same footing. I know of no legal objection to the county, if it felt so disposed, furnishing all of the road equipment used in the construction of all its roads, if the same was offered to all contractors upon the same terms.

"It is not contended that this was sufficient to void the contract, and the matter is offered in evidence only as tending to show that the defendant Larrabee had a beneficial interest in the contract.

"The facts in this case are so nearly agreed upon that I think it unnecessary to discuss them further. The plaintiff's action will be dismissed."

█ There is no question in this case but that the work was done by the contractor; that it has been accepted by the county and state, and it is also undisputed that the reasonable value of the work done equals or exceeds the contract price. Under the decisions of our court, the plaintiff is therefore not entitled to recover. *Green v. Okanogan County,* 60 Wash. 309, 111 Pac. 226; *Besoloff v. Whatcom County,* 133 Wash. 109, 233 Pac. 284.

A reading of the record in this case discloses that the board of county commissioners were throughout actuated by the best of motives, and that by their action they secured for the county benefits far in excess of what might otherwise have been obtained by the expenditure of such a sum of money, and that, while as stated by the trial court, their action might have been irregular, yet a careful reading of the record convinces us there was nothing in their actions which would render them in any way liable, and that the results obtained were highly beneficial to the county.

Judgment affirmed.

MILLARD, MAIN, and PARKER, JJ., concur.