[No. 24372.   Department Two.   August 14, 1933.]

Roy Mumma *et al., Appellants,* v. Town of Brewster *et al., Respondents.*[1]

*Peter McPherson,* for appellants.

*Chas. A. Johnson,* for respondents.

Tolman, J.—Appellants, as citizens and taxpayers of the town of Brewster, sought by this action to enjoin the mayor and treasurer of the town from paying to the Washington Water Power Company its monthly charges for electric energy furnished by it to the municipality for the producing of light and power for public uses. From a judgment denying relief, they have appealed.

[1] Reported in 24 P. (2d) 438.

The trial court found:

"That plaintiffs are now and were at all times herein mentioned residents and taxpayers of Brewster, Wash. That the defendant town of Brewster is a regularly organized and existing town of the fourth class of the state of Washington; that the defendant R. A. Downing is and was at all the times mentioned in the amended complaint herein mayor of said town; that defendant Ella Holden is and was at all the times mentioned in said amended complaint the treasurer of said town; that the Washington Water Power Company is and was at all the times involved herein a public service corporation organized and existing under and by virtue of the laws of the state of Washington, and is now and has been for some time last past engaged in the business of generating, selling and distributing electric power and energy for lighting, pumping and other purposes, and during said times said public service corporation has been and now is furnishing electric power and energy for the purpose of supplying said town with light and power for pumping for irrigation and domestic uses of said town and its inhabitants; that said defendant R. A. Downing is and was at all the times herein mentioned district manager of said public service corporation.

"That during all of said times said Washington Water Power Company maintained and does now maintain an office in said town with office employees and assistants, all under the supervision and direction of said Downing, and part of the duties of said employees and assistants was and is to determine the amount of electric power and energy used by said town as aforesaid during each month and the amount to be paid by said town for said energy, in accordance with the schedule prepared by the board of public works of the state of Washington, and not otherwise.

"That there is not now, nor has there been during the times involved herein, any contract with said town and said public service corporation for the furnishing of such power and energy, but that the same has at all times been furnished at the rates and in accordance with schedules filed with and approved by the board

of public works of the state of Washington and subject to the regulation and supervision of said board, and that the rates and charges for such power and energy have been and are reasonable and just.

"That said Washington Water Power Company has never been required to refund for overcharge for electric power and energy furnished the town of Brewster under the schedule of rates while said Downing has been mayor of said town, as provided by law and rules and regulations prescribed by the board of public works; that it is necessary for said town to secure such power and energy as aforesaid; that there is no other public service person, firm or corporation of the same nature as said Washington Water Power Company operating in said town of Brewster.

"That the payment of said energy furnished by said company to said town and its inhabitants has been and is being paid for according to said schedules by warrants of said town as provided by law, which said warrants are approved by said Downing as mayor thereof and payable to the order of said Washington Water Power Company. That said Downing exercises no judgment, discretion, power or option in furnishing said electric power to said town, nor the rates charged or paid therefor.

"That said defendant Downing is not now and has not been at any of the times involved therein a stockholder of said Washington Water Power Company and is not now and has not been during any of said times interested in or connected with said public service corporation in any manner whatsoever, either personally, financially or otherwise, in the furnishing of said power and energy to said town by said public service corporation and receiving payment therefor except as a paid employee of said public service corporation, and drawing a regularly stated salary from said Washington Water Power Company; that said Downing receives said regular salary only, but no commissions, payments or other compensations in addition to said regular stated salary at the present time or at any of the times involved herein."

These findings are seemingly questioned by some of the errors assigned, but no statement of facts is brought to this court, and the only contention we can now consider is that the facts found do not warrant the judgment and that the relief which appellant sought should have been granted.

Reliance is placed upon the statute, Rem. Rev. Stat., § 9194, and upon our previous decisions thereunder. The statute reads:

"No officer of such town shall be interested, directly or indirectly, in any contract with such town, or with any of the officers thereof, in their official capacity, nor in doing any work nor furnishing any supplies for the use of such town, or its officers in their official capacity; and any claim for compensation for work done or supplies or materials furnished in which any such officer is interested shall be void, and if audited and allowed, shall not be paid by the treasurer. Any willful violation of the provisions of this section shall be a ground for removal from office, and shall be deemed a misdemeanor, and punished as such."

Our earlier cases construing this statute or thought to have some bearing here, cited by one or the other of the parties, are: *Northport v. Northport Townsite Co.,* 27 Wash. 543, 68 Pac. 204; *Miller v. Sullivan,* 32 Wash. 115, 72 Pac. 1022; *Shaw & Hodgins v. Waldron,* 55 Wash. 271, 104 Pac. 272, 28 L. R. A. (N. S.) 735; *Green v. Okanogan County,* 60 Wash. 309, 111· Pac. 226, 114 Pac. 457; *State ex rel. Gladwin v. Cheney,* 67 Wash. 151, 121 Pac. 48; *O'Neill v. Auburn,* 76 Wash. 207, 135 Pac. 1000, 50 L. R. A. (N. S.) 1140; *Besoloff v. Whatcom County,* 133 Wash. 109, 233 Pac. 284; *Directors of School District No. 302 v. Libby,* 135 Wash. 233, 237 Pac. 505; *O'Connor v. Murray,* 152 Wash. 519, 278 Pac. 176.

In order to fall under the ban of the statute, there must be (1) a contract for or the furnishing of sup-

plies for the use of the town in which (2) an officer of the town is directly or indirectly interested.

Passing without comment that portion of the findings indicating that the trial court held there was here no contract and also the findings as to the necessity of the town to obtain these supplies from the Washington Water Power Company, it would seem evident that still there was a furnishing of supplies within the meaning of the statute, even though the rates and charges therefor were fixed by the board of public works.

As we now see it, the decision in this case must turn upon the question of whether or no Downing, the mayor, was directly or indirectly interested as an individual or as an employee of the Washington Water Power Company in such furnishing of supplies.

The findings seem to completely negative the possibility of any such interest. The interest intended by the statute is, of course, a financial interest, and not an interest based on sentiment alone. That which touches one's pocket is apt to warp the judgment. Mere sentiment or good will may, and perhaps in rare cases does, so warp the judgment of some, but the danger is far more remote. Good will so commonly enters into business transactions of every day nature and is so universally accepted as being proper that the statute as worded cannot be held to be applicable thereto.

Downing as an employee to the public service corporation is paid a stated salary and no commissions based on receipts or earnings. His position and his salary, no doubt, depend upon the prosperity of his employer, and perhaps, in a remote degree, that prosperity in some small part depends upon the profitable furnishing of supplies to the town, but to hold that this constitutes an indirect interest in Downing would

be to base a presumption upon a presumption, which may not legally be done.

To come within the statutory prohibition, it must appear that Downing directly or indirectly profited from the relation between his employer and the town of which he is an officer. The facts found utterly fail to show any such situation. It cannot be presumed, without any proof on the subject, that Downing owes his employment to the fact that he is the mayor, or that, if the town should cease to deal with his employer, he would lose his position or receive less compensation for his services. This situation, coupled with the finding,

"That said Downing exercises no judgment, discretion, power or option in furnishing said electric power to said town, nor the rates charged or paid therefor,"

makes very plain the fact that the evils which the statute is designed to prevent are not here shown to be present.

With the facts as here established, it seems unnecessary to review and discuss in detail our previous holdings in the cases already cited. In no case where the statute has been held to apply were the facts at all similar, and we find nothing in what was said in any of these decisions which in any respect is contrary to our present views.

The judgment of the trial court is affirmed.

BEALS, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.